Citation Nr: 1454754 
Decision Date: 12/11/14 Archive Date: 12/17/14

DOCKET NO. 09-44 063 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial rating in excess of 30 percent for asthma prior to June 9, 2010, and in excess of 60 percent on and after June 9, 2010. 
 
2. Entitlement to an initial rating in excess of 30 percent for an adjustment disorder with mixed anxiety and depressed mood. 

3. Entitlement to an initial rating in excess of 10 percent for gastroesophageal reflux disease (GERD). 

4. Entitlement to an initial rating in excess of 10 percent for rosacea. 

5. Entitlement to an initial compensable rating for allergic rhinitis. 

6. Entitlement to an initial compensable rating for external hemorrhoids.



REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

Brian J. Milmoe, Counsel


INTRODUCTION

The Veteran was discharged from the U.S. Army Reserve in March 1999 and later served on active duty in the U.S. Navy from March 1999 to September 2007, inclusive of service in Kuwait, as part of the Southwest Asia Theatre of Operations. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions entered in January and March 2008 by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. These issues were most recently before the Board in August 2014, at which time they were remanded so that needed development could be undertaken. Following unsuccessful attempts to complete all of the requested actions, the case was returned to the Board for further review. 

This appeal in its entirety is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The Board in its August 2014 remand directed the AOJ to consider evidence which it had not considered, to include various VA treatment records, as well as service department and private medical records made a part of the claims folder at the time of the Board hearing in February 2012, in any prior statement of the case or supplemental statement of the case (SSOC). Following entry of the Board's remand, the AMC issued a single SSOC in October 2014, but considered only VA treatment records compiled from June to August 2014 at VA medical facilities in Florida, which were added to the electronic file subsequent to the recent remand. Notice, too, is taken that various entries of service treatment and personnel records were made into the electronic folder subsequent to the Board's July 2013 remand, which have also not been considered. A further remand for corrective actions is deemed necessary based on a lack of compliance with the Board's specific directives. See Stegall v. West, 11 Vet. App. 268, 270-71 (1998) (a remand by the Board confers upon the Veteran or other claimant, as a matter of law, the right to compliance with the Board's remand order.); see also 38 C.F.R. § 3.103 (2014). 

Accordingly, this case is REMANDED for the following actions:

1. Obtain for inclusion in the Veteran's VA electronic claims folder any and all pertinent VA treatment records not already on file. 

2. Thereafter, readjudicate the remaining claims for initial ratings based on all of the evidence of record that is contained in the virtual claims folder, to include all service treatment and personnel records to the extent applicable, inclusive of the recent additions thereof; all VA treatment records, including March and October 2012 and June 2013 entries in the VA's Compensation and Pension Records Interchange (CAPRI) program; and all service department and private medical records made a part of the claims folder at the time of the Board hearing in February 2012. If any benefit sought on appeal continues to be denied, provide the Veteran with a supplemental statement of the case that identifies all of the pertinent evidence considered and permit him a reasonable period in which to respond, before returning the matter to the Board for additional review. 

No action by the Veteran is required until he receives further notice. The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).




_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).